83,533-02

Dated: 9-15-15

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 21 2015
Abel Acosta, Clerk

Dear Honorable Judge Meyers,

I am sending you a copy of this personal letter and request at your mercy to review this letter in regards to an ongoing problem I am having with the lower court of conducting an investigation into the Key evidence in trial case #1274840-A that is, relevent, admissible, exculpatory to my plea of not guilty, and that will prove beyond a reasonable doubt. In proclaiming my innocence of the main allegation by the complaintant in this cause, "the true outcome of my trial would be different resulting in an acquittal If, "at the mercy of your court a mandate be issued to the lower court that, "the exculpatory bank record of August 17, 2010 belonging to Patricia Martinez be used and examined in a new fair trial". As listed in the police report, I was accused of making two different card transactions at two different gas station locations on different dates

of, August 17, 2010 and August 20, 2010. Your honor, If this were true then, "there would be card transaction receipts belonging to the complainant's card from the locations listed but," there are no purchase receipts that ever existed from Patricia Martinez's card". I was accused by the complainant and the lower court of making a card purchase inside the August 17, 2010 location for gas on camera. No one is shown using any charge card and "mainly no store clerk or anyone from the complainant's bank came forward in her behalf with any purchase receipts as proof of claim". Your honor, the fact that no purchase receipts exist from this complainant's card is also proof beyond a reasonable doubt that, If examined, it will prove beyond a reasonable doubt that the card transactions listed in the police report, "will not be listed on a retreived copy of complainant's bank record of either dates". Your honor, since 2010 the lower court has continued to show deliberate indifference towards my constitutional right to a fair trial at considering relevent evidence pursuant to Texas Rule of Evidence 803(6) as this same problem occurred in, Canida V. State, 842 S.W. 2d 293 that was corrected by the mercy of your court. Your honor, the complainant's bank record of either dates

in a new fair trial will prove beyond a reasonable doubt many different things like proving, "no possible way that the transactions can belong to this complainant, that I never obtained the complainant's card at anytime, that the transactions listed doesn't exist on her account but, apparently on someone else's, and that the complainant's trial testimony of me being the assailant who used her card is false." Your honor, therefore, I'm requesting at your and the mercy of your court to examine the facts outlined in this letter for the consideration of reviewing my case in connection with Canida v. State, 842 S.W.2d 293, as this case cited was corrected in your court for violation of Texas Rule of Evidence 803(6) the business record exception rule against hearsay. The bank record will prove my innocence of the allegation, but lower court refuses to obtain.

Respectfully Submitted,

Anthony Thomas

Anthony Thomas
Defendant Pro Se